Exhibit A

# Exhibit A

**Commonwealth of Massachusetts**
**Worcester District Court**
225 Main Street
Worcester, MA 01608
(508) 831-2010

Albert Andino-Aponte,
      Plaintiff,
V.
Abbott Laboratories Inc. and FountainGroup, LLC,
      Defendants.

CIVIL No. 2063 CV 747

SUMMONS

THIS SUMMONS IS DIRECTED TO _____Abbott Laboratories Inc._____
                                                                        (Defendant's name)

1. **This Notice is to inform you that you are being sued.** The person or business suing you is known as the Plaintiff. A copy of the Plaintiff's Complaint against you is attached and the original has been filed in the Worcester Division of the District Court Department. You must respond to this lawsuit in writing. If you do not respond, the Plaintiff may obtain a court order requiring you to pay money or provide other relief.

2. **You must respond within 20 days to protect your rights.** In order to protect your right to defend yourself in this lawsuit, you must deliver or mail a written response called an "Answer" to <u>both</u> the "Clerk's Office for Civil Business, Worcester District Court, 225 Main Street, Worcester, MA 01608" <u>and</u> to the individual below:

    Michael A. Rivkin    , at    Cohen Kinne Valicenti & Cook LLP
   (name of Plaintiff or Plaintiff's attorney)        28 North St., 3rd Floor, Pittsfield, MA 01201
                                                            (address)

Your Answer must be delivered or mailed within 20 days from the date the Summons was delivered to you. If you need more time to respond, you may request an extension of time in writing from the Court.

3. **Your Answer must respond to each claim made by the Plaintiff.** Your Answer is your written response to the statements made by the Plaintiff in the Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. You may agree with some of the things the Plaintiff says and disagree with other things. You may also say that you do not know whether one (or more) of the statements made in the Plaintiff's Complaint is true. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer. Even if you agree that you owe what is claimed, sending an Answer will provide you with an opportunity to participate and explain your circumstances.

4. **You must list any reason why you should not have to pay the Plaintiff what the Plaintiff asks for.** If you have any reason(s) why the Plaintiff should not get what the Plaintiff asks for in the Complaint, you must write those reasons (or "defenses") in your Answer.

Rev. 9/2015

5. **You may lose this case if you do not send an Answer to the Court and the Plaintiff.** If you do not mail or deliver the Answer within 20 days, you may lose this case. You will have no opportunity to tell your side of the story and the Court may order that the Plaintiff receive everything requested in the Complaint. The Court may allow a motion permitting the Plaintiff take your property and/or wages. If you respond to the Complaint and appear at the hearing, you will get an impartial hearing by a judge. Even if you choose to discuss this matter with the Plaintiff (or the Plaintiff's lawyer), you should still send your Answer **within 20 days**. Even if you file an Answer, you can still reach an agreement with the Plaintiff.

6. **Legal Assistance.** You may wish to get legal help from a lawyer. **If you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.** You may also obtain information at www.mass.gov/courts/selfhelp.

7. **You can also sue the Plaintiff.** If you believe the Plaintiff owes you money or has harmed you in some way related to the lawsuit, you must describe that in your Answer. If you do not include these claims (called "Counterclaims") in your written response, **you may lose your ability to sue the Plaintiff** about anything related to this lawsuit.

8. **You or your attorney must attend all court hearings.** If you send your Answer to the Court and the Plaintiff, you will protect your rights. The Court will send you a notice telling you the date, time, and place of an impartial hearing before a judge. The judge will hear **both** sides of any arguments and schedule any additional hearings.

9. The civil number appearing on the front of this notice is the case docket number and must appear on the front of your Answer.

Witness Hon. David P. Despotopulos, First Justice on September 18, 20 20.

(SEAL)

Brian D'Andrea
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

---

**RETURN OF SERVICE**
(for use by person making service)

On _____, 20____, I served a copy of the within summons, together with a copy of the Complaint in this case, upon the named defendant in the following manner:

☐ Last and usual at (address)*

_____
(signature)

_____
(name and title)

☐ In hand

_____
(address)

☐ Other:

*Please place date you make service in this box and on copy served on defendant and return original to this Court:*

[         ]

*If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent. (G.L. c. 223, § 31).

Rev. 9/2015

COMMONWEALTH OF MASSACHUSETTS

WORCESTER

DISTRICT COURT DEPARTMENT
CIVIL ACTION NO.: 2062CV747

ALBERT ANDINO-APONTE,

Plaintiff,

v.

ABBOTT LABORATORIES INC and
FOUNTAIN GROUP, LLC,

Defendants.



## COMPLAINT

### Introduction

Plaintiff, Albert Andino-Aponte ("Andino-Aponte" or "Plaintiff"), brings this action against the Abbott Laboratories Inc ("Abbott") and Fountain Group, LLC ("Fountain") (collectively, "Employers" or "Defendants") for violating the Massachusetts Wage Act (the "Wage Act"), M.G.L c. 149, § 148, M.G.L c. 149, § 148A, and M.G.L c. 151, §§ 1A, 1, and 7 and Massachusetts common law. Plaintiff alleges Defendants failed to pay him all due wages, including overtime hours, and fired him one day after he insisted he should be paid subject to the Wage Act, a further violation of the Wage Act and Massachusetts common law.

### Parties

1. Albert Andino-Aponte is an adult resident of 75 Nelson Street, Holden MA 01520, Worcester County.

2. Abbott Laboratories Inc is incorporated in Delaware with a principal place of business located at 100 Abbott Park Road, Abbott Park IL 60064.

1

221149

3. Fountain Group, LLC is a staffing agency incorporated in Florida, with a principal place of business located at 4505 Woodland Corporate Boulevard, Suite 200, Tampa FL 33614.

**Factual Allegations**

4. Defendants are employers for purposes of Mass. Gen. L. ch. 149.

5. Employers hired Andino-Aponte to work as an engineer.

6. Andino-Aponte began work for Employers on May 27, 2019.

7. Employers paid Andino-Aponte $37 per-hour-worked.

8. Abbott managers, including Candice Cooper ("Cooper") supervised Andino-Aponte's work and accepted his timecards reflecting his hours worked.

9. In order to understand his assignment of hours at the outset of his employment, Andino-Aponte asked if he would be permitted to work beyond forty hours per-week. Abbott management, including Thomas Gamble, answered in the affirmative.

10. Accordingly, throughout his time working for the benefit of Employers, Andino-Aponte consistently worked pre-approved overtime.

11. Much of Andino-Aponte's overtime was logged while working remotely on an Abbott-owned laptop.

12. Cooper explicitly approved of Andino-Aponte's use of a company laptop to work from home.

13. Employers were on notice of Andino-Aponte's work outside of his typical hours because (a) they provided him with pre-approval, (b) he regularly submitted and was paid for overtime hours, in accordance with Employers' prior-approval, (c) he regularly submitted work product and exchanged substantive work emails with Abbott managers beyond typical work hours, and (d) the Abbott-owned laptop and servers, which are in Abbott's control, can be audited to show the dates and time during which his Abbott-owned laptop

was active and saving work documents to the Abbott-owned servers beyond typical work hours.

14. On September 3, 2019, Andino-Aponte submitted his hours-worked for the week of August 26, 2019 through August 30, 2019 to Cooper.

15. Andino-Aponte billed 70 hours of work for the week of August 26, 2019 through August 30, 2019 because it accurately reflected the time he performed work for the benefit of Employers.

16. On September 3, 2019, Cooper told Andino-Aponte that he must reduce his reported hours from the 70 hours to 50.75.

17. Despite protesting to Cooper that he did in fact work 70 hours, Cooper still forced him to reduce the number of hours he billed as having worked.

18. This event is memorialized in Andino-Aponte's modified time sheet, showing that Andino-Aponte submitted his time accurately before Cooper rejected the entry.

19. Employers paid Andino-Aponte for the value of 50.75 hours-worked despite knowing Andino-Aponte worked 70 hours.

20. Just one day after Andino-Aponte protested Cooper's demand that he reduce the numbers of hours he billed despite knowing those hours were in-fact worked, and forcing Andino-Aponte to falsify his time sheet under protest, Cooper informed Andino-Aponte that Employers terminated his employment based on "falsified time records."

21. Plaintiff complied with all administrative prerequisites prior to filing this Complaint.

## COUNT I
## PAYMENT OF WAGES – Failure to Pay Wages
## (Mass. Gen. Laws, Ch. 149, §§ 148, 150)

22. Plaintiff reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully herein.

23. Defendants failed to pay to Plaintiff the wages earned by Plaintiff within six (6) days of the termination of the pay period during which the wages were earned.

24. Plaintiff was regularly employed five (5) days in a calendar week by Defendant.

25. Plaintiff is entitled to treble damages.

## COUNT II
## PAYMENT OF WAGES – Failure to Pay Due Overtime
## (Mass Gen. Laws, Ch. 151, § 1A and Mass. Gen. Laws, Ch. 149, § 148)

26. Plaintiff reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully in this count of the Complaint.

27. Defendants employed Plaintiff for workweeks during which he worked longer than forty (40) hours.

28. During the weeks where Plaintiff worked more than forty (40) hours, Plaintiff did not receive compensation for his employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he was employed as required by Massachusetts law.

29. Plaintiff is entitled to damages.

## COUNT III
## RETALIATION
## (Mass. Gen. L. c. 149 § 148A)

30. Plaintiff reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully herein.

31. Plaintiff asserted his rights under the wage act.

32. As a direct result, Defendants penalized Plaintiff for exercising this right.

33. Plaintiff suffered emotional distress as a result of Defendants' penalization and retaliatory action.

34. Plaintiff is entitled to damages.

## COUNT IV
## QUANTUM MERUIT

35. Plaintiff reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully herein.

36. Valuable services were rendered to Defendants by Plaintiff.

37. The services were accepted, used and enjoyed by Defendant.

38. A reasonable person would have expected to compensate Plaintiff for such use and enjoyment.

39. Plaintiff had a reasonable expectation of receiving compensation for the services which were rendered.

40. Plaintiff is entitled to damages.

## COUNT V
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

41. Plaintiff reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully herein.

42. Plaintiff engaged in protected activity by asserting his rights under the Wage Act, a matter of public policy.

43. Plaintiff suffered adverse action at the hands of Defendants as a direct result of taking this protected action.

44. Because Defendants terminated Plaintiff for the above stated reason, Defendants violated public policy and wrongfully terminated Plaintiff.

45. Plaintiff is entitled to damages.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment that:

1. Determine the damages sustained by Plaintiff as a result of Defendants' violations of Massachusetts' Wage Act and Plaintiff's common law claims, and award treble damages and

emotional distress damages against Defendants and in favor of said Plaintiff, and such interest as may be allowed by law;

2. Award Plaintiff his costs and disbursements of this suit, including, without limitation, reasonable attorneys', accountants' and experts' fees and such interest as may be allowed by law; and

3. Grant Plaintiff such other and further relief under Massachusetts law as the Court may deem just and proper.

Plaintiff demands a trial by jury on all claims so triable.

Respectfully submitted,

Albert Andino-Aponte.
By his attorney,

/s/ Michael A. Rivkin
Michael A. Rivkin (BBO# 697737)
COHEN KINNE VALICENTI & COOK LLP
28 North Street, 3rd Floor
Pittsfield, Massachusetts 01201
Phone: (413) 443-9399
Facsimile: (413) 442-9399
mrivkin@cohenkinne.com

Dated: August 18, 2020

| STATEMENT OF DAMAGES G.L. c. 218, § 19A (a) | Docket No<br>Division:<br>Worcester County – Worcester District | Trial Court of Massachusetts<br>District Court Department |  |

| Plaintiff(s) and Defendant in Counterclaim | Defendant(s) and Plaintiff in Counterclaim |
|---|---|
| Albert Andino-Aponte | Abbott Laboratories Inc. and Fountain Group, LLC |

**INSTRUCTIONS:** THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN ALL DISTRICT COURT CIVIL ACTIONS SEEKING MONEY DAMAGES.

| TORT CLAIMS | AMOUNT |
|---|---|
| A. Documented medical expenses to date: | |
| 1. Total hospital expenses: | $ 0.00 |
| 2. Total doctor expenses: | $ 0.00 |
| 3. Total chiropractic expenses: | $ 0.00 |
| 4. Total physical therapy expenses: | $ 0.00 |
| 5. Total other expenses (Describe): Emotional Distress | $ 50,000.00 |
| B. **SUBTOTAL for lines 1-5 above:** | $ 50,000.00 |
| C. Documented lost wages and compensation to date: | $ 0.00 |
| D. Documented property damages to date | $ 0.00 |
| E. Reasonable anticipated future medical and hospital expenses: | $ 0.00 |
| F. Reasonably anticipated lost wages: | $ 0.00 |
| G. Other documented items of damage (Describe): | $ 0.00 |

For this form, disregard double or treble damage claims; indicate single damages only.

| TOTAL TORT CLAIMS for lines B-G above: | $ 0.00 |
|---|---|

H. Brief description of Plaintiff's injury, including nature and extent of injury (Describe): _____

| CONTRACT CLAIMS | AMOUNT |
|---|---|
| Provide a detailed description of claim(s): _____<br>Defendants violated the Massachusetts Wage Act by failing to pay Plaintiff all due wages, including overtime, and terminated Plaintiff for requesting payment | $ $1,068.38<br>Plus interest, costs and attorneys fees  TBD |

For this form, disregard double or treble damage claims; indicate single damages only.

| TOTAL CONTRACT CLAIMS: | $ 1,068 plus fees, interest & costs |
|---|---|

| ATTORNEY FOR PLAINTIFF (OR PRO SE PLAINTIFF): | DEFENDANT'S NAME AND ADDRESS & PHONE: |
|---|---|
| Signature: *[signature]* | (Abbott) 100 Abbott Park Road, Abbott Park, IL 60064 |
| Type Name: Michael A. Rivkin, Esquire | (Fountain) 4505 Woodland Corporate Boulevard, |
| Address: COHEN KINNE VALICENTI & COOK LLP<br>28 North Street, 3rd Floor, Pittsfield, MA 01201 | Suite 200, Tampa, FL 33614 |
| Phone: 413-443-9399 | |
| B.B.O #: Michael A. Rivkin - 697737 | |
| Date: August 18, 2020 | |

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.                                              DISTRICT COURT DEPARTMENT
                                                            CIVIL ACTION NO.: 2062CV747

|  |  |
|---|---|
| ALBERT ANDINO-APONTE,<br>      Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| ABBOTT LABORATORIES, INC. &<br>FOUNTAIN GROUP, LLC,<br>      Defendants. | )<br>)<br>)<br>) |

## DEFENDANT, FOUNTAIN GROUP, LLC'S, ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant, Fountain Group, LLC ("Fountain Group"), by and through its undersigned counsel, answers Plaintiff's Complaint as follows.

### Introduction

Fountain Group denies that it failed to pay Plaintiff all due wages, fired him after he insisted he should be paid, and/or violated the Wage Act and Massachusetts common law. As the remainder of the introduction does not contain allegations against Fountain Group, no response is required.

### Parties

1. Fountain Group lacks sufficient information to admit or deny the allegations set forth in Paragraph 1.

2. Fountain Group lacks sufficient information to admit or deny the allegations set forth in Paragraph 2.

3. Admitted.

**Factual Allegations**

4. Fountain Group admits that it was Plaintiff's employer. The remaining allegations in Paragraph 4 are legal conclusions to which no response is required or necessary.

5. Fountain Group admits that it hired Plaintiff to work as an engineer.

6. Fountain Group admits that Plaintiff began his assignment on May 27, 2019.

7. Fountain Group admits that it paid Plaintiff $37/hour.

8. Fountain Group lacks sufficient information to admit or deny the allegations set forth in Paragraph 8 and leaves Plaintiff to his proof.

9. Fountain Group lacks sufficient information to admit or deny the allegations set forth in Paragraph 9 and leaves Plaintiff to his proof.

10. Fountain Group lacks sufficient information to admit or deny the allegations set forth in Paragraph 10 and leaves Plaintiff to his proof.

11. Fountain Group lacks sufficient information to admit or deny the allegations set forth in Paragraph 11 and leaves Plaintiff to his proof.

12. Fountain Group lacks sufficient information to admit or deny the allegations set forth in Paragraph 12 and leaves Plaintiff to his proof.

13. Fountain Group admits that it paid Plaintiff for overtime hours. As to the rest and remaining allegations in Paragraph 13, Fountain Group lacks sufficient information to admit or deny the allegations and leaves Plaintiff to his proof.

14. Fountain Group lacks sufficient information to admit or deny the allegations set forth in Paragraph 14 and leaves Plaintiff to his proof.

15. Fountain Group lacks sufficient information to admit or deny the allegations set forth in Paragraph 15 and leaves Plaintiff to his proof.

16. Fountain Group lacks sufficient information to admit or deny the allegations set forth in Paragraph 16 and leaves Plaintiff to his proof.

17. Fountain Group lacks sufficient information to admit or deny the allegations set forth in Paragraph 17 and leaves Plaintiff to his proof.

18. Fountain Group lacks sufficient information to admit or deny the allegations set forth in Paragraph 18 and leaves Plaintiff to his proof.

19. Fountain Group admits that it paid the Plaintiff for the value of 50.75 hours. Fountain Group denies the rest and remaining allegations in Paragraph 19.

20. Fountain Group lacks sufficient information to admit or deny the allegations set forth in Paragraph 20 and leaves Plaintiff to his proof.

21. Paragraph 21 sets forth a conclusion of law to which no response is required or necessary. To the extent a response is required, Fountain Group lacks sufficient information to admit or deny the allegations set forth in Paragraph 21 and on that basis denies them.

COUNT I
PAYMENT OF WAGES- Failure to Pay Wages
(Mass. Gen. Laws, Ch. 149, §§148,150)

22. Fountain Group incorporates its responses to the preceding paragraphs as if fully made herein.

23. Denied.

24. Fountain Group lacks sufficient information to admit or deny the allegations set forth in Paragraph 24 and leaves Plaintiff to his proof.

25. Denied.

## COUNT II
### PAYMENT OF WAGES-Failure to Pay Due Overtime
### (Mass. Gen. Laws, Ch. 151, §1A and Mass. Gen. Laws Ch. 149, §148)

26. Fountain Group incorporates its responses to the preceding paragraphs as if fully made herein.

27. Fountain Group lacks sufficient information to admit or deny the allegations set forth in Paragraph 27 and leaves Plaintiff to his proof.

28. Denied.

29. Denied.

## COUNT III
### RETALIATION
### (Mass. Gen. Laws, Ch. 149 148A)

30. Fountain Group incorporates its responses to the preceding paragraphs as if fully made herein.

31. Fountain Group lacks sufficient information to admit or deny the allegations set forth in Paragraph 31 and leaves Plaintiff to his proof.

32. Denied.

33. Denied.

34. Denied.

## COUNT IV
### QUANTUM MERUIT

35. Fountain Group incorporates its responses to the preceding paragraphs as if fully made herein.

36. Fountain Group denies that Plaintiff rendered serves to it.

37. Denied.

38. Fountain Group lacks sufficient information to admit or deny the allegations set forth in Paragraph 38 and leaves Plaintiff to his proof.

39. Fountain Group lacks sufficient information to admit or deny the allegations set forth in Paragraph 39 and leaves Plaintiff to his proof.

40. Denied.

## COUNT V
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

41. Fountain Group incorporates its responses to the preceding paragraphs as if fully made herein.

42. Paragraph 42 sets forth a conclusion of law to which no response is required or necessary. To the extent a response is required, Fountain Group lacks sufficient information to admit or deny the allegations set forth in Paragraph 42 and on that basis denies them.

43. Denied.

44. Denied.

45. Denied.

## **AFFIRMATIVE DEFENSES**

Without assuming any burden or pleading or proof that otherwise would rest on Plaintiff, and without waiving any defenses that might also be grounds for a motion to dismiss, Fountain Group asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted, and must be dismissed pursuant to Mass. R. Civ. P. 12 (b)(6).

## SECOND AFFIRMATIVE DEFENSE

To the extent that Fountain Group had any obligations to Plaintiff, such obligations have been fully and completely performed in every respect.

## THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff is owed any sum under the statute, Fountain Group is entitled to a valid set off for amounts paid to Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail against Fountain Group because any alleged damages were caused by individuals and/or entities for whom Fountain Group was not legally responsible.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from bringing this action.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of laches and/or unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

No act or omission by Fountain Group, or its agents, employees, or servants was a proximate cause of the damages, if any, allegedly sustained by Plaintiff.

**WHEREFORE**, Defendant, Fountain Group, LLC, respectfully requests that this Court:

1. Enter judgment in favor of Fountain Group on all claims and counts against it;

2. Award Fountain Group its damages, costs, attorneys' fees; and

3. Award such other relief as the Court deems appropriate.

Dated: October 22, 2020  THE DEFENDANT
FOUNTAIN GROUP, LLC.

By: */s/ Christopher R. Drury*
Christopher R. Drury (BBO#654344)
Gordon Rees Scully Mansukhani
95 Glastonbury Boulevard
Suite 206
Glastonbury, CT  06033
Tel: 860-494-7552
Fax: 860-560-0165
cdrury@grsm.com

## CERTIFICATE OF SERVICE

I, Christopher R. Drury, certify that on October 22, 2020, a copy of the above referenced DEFENDANT, FOUNTAIN GROUP, LLC'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES was served by electronic mail on the following:

Michael A. Rivkin, Esq. (BBO#697737)
Cohen Kinne Valicenti & Cook, LLP
28 North Street, 3rd Floor
Pittsfield, MA  01201
mrivkin@cohenkinne.com

John Ayers-Mann, Esq.
Seyfarth Shaw
2 Seaport Lane
Boston, MA  02210
Jayers-mann@seyfarth.com

*/s/ Christopher R. Drury*
Christopher R. Drury